IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| J&J SPORTS PRODUCTIONS, INC., | |
|---|---|
| Plaintiff, | 8:18-CV-191 |
| vs. | |
| VICTOR RODRIGUEZ, individually and d/b/a VICTOR'S MEXICAN RESTAURANT, an unknown business entity, | MEMORANDUM AND ORDER |
| Defendants. | |

The plaintiff filed a Fed. R. Civ. P. 59(e) motion to alter or amend (filing 22) the judgment entered by the Court in the plaintiff's favor. *See* filing 18. The plaintiff's motion will be denied.

Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact, or to present newly discovered evidence, and may not be used to introduce new evidence, tender new legal theories, or assert arguments which could have been asserted prior to judgment. *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018). The Court has broad discretion in determining whether to alter or amend a judgment pursuant to Rule 59(e). *Id.*

The plaintiff claims that it should have been awarded more damages, and argues that "[d]etecting piracy is difficult, and this should be considered when making a damages award." Filing 22-1 at 4. Even assuming that detecting piracy is difficult in certain circumstances, it was, nonetheless, the plaintiff's burden to present evidence relevant to the difficulty it encountered in detecting the defendant's piracy. The plaintiff has not directed the Court to evidence in this record that was missed or ignored regarding the difficulties it

faced. The Court declines to speculate about the difficulties the plaintiff faced in detecting the defendant's piracy in this instance.

Neither has the plaintiff pointed to manifest error in the Court's previous judgment.[1] The plaintiff, for the most part, argues again that which the Court has already considered—whether an award of enhanced damages is just. The plaintiff concedes that the Court's award of damages may serve as a specific deterrent to this defendant but argues that the award doesn't serve as a general deterrent to other potential broadcast pirates.

The Court disagrees. Previously, the Court observed that the licensing fee was a cost significantly higher than the defendant could expect to recoup by licensing the plaintiff's broadcast. Thus, ordering the defendant to pay the plaintiff's licensing fee had the dual effect of making the plaintiff whole and imposing a significant cost on the defendant for his unlawful conduct. This would also be true for other venues similarly situated as the defendant. In other words, because the licensing fee was cost-prohibitive for a small venue, the threat that cost may be imposed, should such a small venue get caught pirating, serves as a general deterrent to small venues such as the defendant. Thus, the Court's judgment does function as a general deterrent—at least with respect to those who are most likely to know about the judgment and how it affected the defendant. It is highly improbable that a larger venue that could profit from licensing the broadcast would take marketing advice from a thirty-seat neighborhood ethnic restaurant in South Omaha.

---

[1] Manifest error concerns a wholesale disregard, misapplication or failure to recognize controlling precedent on the part of the court. *Alien Tech. Corp. v. Intermec, Inc.*, 3:06-CV-51, 2010 WL 5174482, at *3 (D.N.D. Dec. 15, 2010).

The plaintiff has not presented any new evidence or legal authority in support of its motion that could not have been presented in the first instance or identified manifest error in the Court's judgment. Accordingly.

IT IS ORDERED that Plaintiff's motion to alter or amend judgment (filing 22) is denied.

Dated this 1st day of February, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge