IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> VICTOR RODRIGUEZ, individually and d/b/a VICTOR'S MEXICAN RESTAURANT, LLC, an unknown business entity, <br><br> Defendants. | 8:18-CV-191 <br><br> MEMORANDUM AND ORDER |

# I. INTRODUCTION

This matter is before the Court on the Plaintiff's Motion for Attorney Fees and non-taxable costs. Filing 19. The Court's Memorandum and Order of November 13, 2018 (filing 17) previously found that the plaintiff was entitled to judgment due to the defendants' default. Judgment was entered in the amount of $3,000.00 for statutory damages, and the Clerk was directed to award taxable costs. Filing 18. The plaintiff filed its bill of costs on November 27 seeking an award of $400 for the filing fee and $55.00 regarding fees for service of process. Filing 20. The Clerk taxed costs against the defendants in the amount of $400, excluding the requested $55.00 service fee as not in accordance with the Court's Bill of Costs Handbook. Filing 23. The plaintiff did not move, pursuant to the Bill of Costs Handbook, for the Court to review the Clerk's taxation.

# II. STANDARD OF REVIEW

Determining a reasonable attorney fee award starts with the lodestar calculation which "provides an objective basis on which to make an initial

estimate of the value of the lawyer's services." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar is calculated by multiplying the number of hours reasonably expended by reasonable hourly rates. *Id.*; *Dindinger v. Allsteel, Inc.*, 853 F.3d 414, 429 (8th Cir. 2017). A reasonable hourly rate is usually the rate for similar work in the community where the case has been litigated. *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001). "[T]he most critical factor is the degree of success obtained." *Hensley*, 461 U.S. at 436.

### III. DISCUSSION

The Court entered a default judgment regarding the plaintiff's claim that the defendants violated 47 U.S.C. § 605(a). Pursuant to § 605(3)(3)(B)(iii), the plaintiff is entitled to "recovery of full costs, including awarding reasonable attorney's fees." The plaintiff submitted an affidavit and supporting materials seeking to recover its attorney's fee (2.3 hours @ $500/hour = $1,500), as well as costs for the attorney's administrative assistant (9.07 hours @ $100/hour = $907) and research attorney (5.0 hours @ $300/hour = $1,500): total requested for attorney's fees, $3,557.00.

In its complaint, the plaintiff sought statutory damages of $20,000 and $150,000 for enhanced damages as allowed by statute. The Court found an award of statutory damages in the amount of $3,000 to be just. Thus, the plaintiff's attorney achieved a limited degree of success in an action where he was unopposed.

And, in his supporting affidavit, the plaintiff's attorney justifies his hourly rate as "comparable to the rates for specialized litigation law firms." Filing 19-2. That, however, is not the standard for determining an hourly rate in this Circuit. For instance, in an exceedingly complex Omaha civil rights case, a nationally known, highly qualified civil rights litigator and law professor's hourly rate was reduced to $400 to be "reflective of the rates in

Omaha, Nebraska." *Livers v. Kofoed*, 8:08-cv-107, 2014 WL 1309616, at *6 (D. Neb. Mar. 31, 2014).

The plaintiff has not supported his attorney's fee request with an affidavit from a local attorney averring that a $500 hourly billing rate would be reasonable for an attorney with commensurate education, experience and skill, in Omaha, Nebraska. Instead, attached to counsel's supporting affidavit is a copy of the "Laffey Matrix 2003-2014." Filing 19-2 at 24. This matrix is used by the United States Attorney for the District of Columbia in determining rates for plaintiffs in fee-shifting civil cases. *Livers*, 2014 WL 1309616, at *2. "The rates reflective in the Laffey Matrix may be appropriate for larger cities, but they are not reflective of rates in Omaha, Nebraska." *Livers*, 2014 WL 1309616, at *6; *see also*, *J&J Sports Prods., Inc. v. Argueta*, 5:15-cv-5200, 2017 WL 628299, at *2 (W.D. Ark. Feb. 15, 2017) ("other courts in the Eighth Circuit have criticized the Laffey Matrix, and this Court will not utilize it.").

The matter before the Court is not complex and given the many reported federal district court decisions involving this plaintiff, it appears that the plaintiff's attorney is litigating the same kind of case over and over with different defendants—many of which simply default such as the defendant herein. This particular kind of legal practice has been fairly characterized as "cumulative" and "boilerplate in nature." *J&J Sports Prods, Inc. v. 291 Bar & Lounge, LLC,* 648 F. Supp. 2d 469, 475 (2009). It may very well be that there are other aspects of counsel's specialized practice that require superior skill and expertise, but the instant case is not in that category. The matter before the Court is more akin to a credit card collection suit or a residential landlord tenant dispute—highly repetitive and form-driven, requiring minimal litigation skill.

The Court finds it necessary to adjust the requested billing rates to reflect a reasonable fee for this locale and given the relative success of the

plaintiff's litigation. Based on the Court's experience with the rates charged by local attorneys, the Court finds that, at the high end, a reasonable rate for the work of the plaintiff's attorney is $350.00, $225.00 for the research attorney, and $85.00 for the administrative assistant. Although five hours for a research attorney in this kind of litigation seems a bit much, the Court finds the time requested to be reasonable. Accordingly, the plaintiff should recover attorney's fee in the amount of $2,700.95. (Senior Attorney: 2.3 hours @ $350/hour = $805.00; Research Attorney: 5.0 hours @ $225/hour = $1,125.00; Administrative Assistant: 9.07 hours @ $85.00 = $770.95)

The plaintiff's request for non-taxable costs includes courier charges and charges for three Certification of Good Standing documents. However, there is no explanation why the courier charges were incurred, and the dates of the charges do not correlate to dates in the attorney's billing records. Neither is there an explanation for the Certificates of Good Standing. The plaintiff requested its filing fee as a non-taxable cost, but the Clerk has already taxed the plaintiff's filing fee against the defendants. Filing 23. Accordingly, these costs will not be allowed.

The plaintiff requests taxing the cost of its investigator to the defendants. Courts are split whether the directive in § 605(e)(3)(B)(iii) that the aggrieved party is entitled to recover its full costs includes recovery of the cost of an investigator. *Compare Argueta*, 2017 WL 628299, at *3, *with Kingvision Pay-Per-View LTD. v. Autar*, 426 F. Supp. 2d 59, 67 (E.D.N.Y. 2006). However, courts agree that a request for investigative fees should be "subject to the same level of scrutiny to which requests for attorney's fees are subjected." *Autar*, 426 F. Supp. 2d at 67.

Here, the plaintiff submitted a copy of an invoice from an investigation agency which is substantially edited—presumably to remove other charges made by the agency's investigators in other cases. Filing 19-2 at 11 There is no

explanation regarding the time spent by the investigator, the investigator's hourly rate, or the investigator's qualifications. Moreover, the investigator's affidavit filed in support of the default judgment indicates he spent no more than twelve minutes in the defendant's premises, made three head counts, noted the furnishings and observed the Mayweather fight on the single television set, and recorded the license plate number for six vehicles. Filing 16-3 at 2. The investigation agency's invoice was for $625.00. Given the plaintiff's failure to sufficiently document and justify the investigative agency's services, the Court will grant an appropriate award in the sum of $100 for the investigator's cost based on the above-described services.

The Court will tax to the defendants the plaintiff's non-taxable costs in the amount of $255.00, which represents the pro hac vice fee paid by the plaintiff's attorney ($100.00), an appropriate fee for the services of an investigator ($100), and the service of process costs declined by the Clerk ($55.00).

IT IS ORDERED:

1. The Plaintiff's Motion for Attorney Fees and non-taxable costs (filing 19) is granted in part and denied in part.

2. The plaintiff is awarded $2,700.95 in attorney fees and $255.00 in non-taxable costs, to be recoverable jointly and severally from the defendants.

Dated this 1st day of February, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge